**Petition for Writ of Mandamus Denied and Memorandum Opinion filed April 5, 2012.**



In The

# Fourteenth Court of Appeals

————————

## NO. 14-12-00283-CR

————————

### IN RE ANTONE RICHIE, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1300545**

---

## MEMORANDUM   OPINION

On March 26, 2012, relator filed a petition for writ of mandamus in this court.  *See* Tex. Gov't Code Ann. § 22.221 (Vernon 2004); *see also* Tex. R. App. P. 52.  Relator complains of actions by the respondent, the Honorable Belinda Hill, presiding judge of the 230th District Court of Harris County, Texas.

Relator has been charged with murder and claims Judge Hill has denied his right to self-representation.  Relator also asserts Judge Hill and Regional Presiding Judge Olen

Underwood have denied his motion to recuse Judge Hill. Relator seeks a stay of trial court proceedings.

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is relator's burden to provide this court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.3(k), 52.7(a).

No record has been filed and relator has not attached a copy of any order signed by the trial court or by Judge Underwood. *See* Tex. R. App. P. 52.3(k)(1)(A). Relator has not met his burden to obtain mandamus relief. *See State ex rel. Young,* 236 S.W.3d at 210. Accordingly, relator's petition for writ of mandamus against Judge Hill is denied.

Relator also seeks an order directing Sheriff Adrian Garcia to allow him time in the law library and to receive computer print-outs. Our mandamus jurisdiction is limited to (1) writs against a district court judge or county court judge in our district, and (2) all writs necessary to enforce our jurisdiction. Accordingly, we dismiss the mandamus proceeding to the extent relator seeks mandamus relief against Sheriff Garcia.

PER CURIAM

Panel consists of Justices Frost, Brown, and Christopher.
Do Not Publish — Tex. R. App. P. 47.2(b).